**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marco Antonio Aguilar-Medina, | No. CV-20-08068-PCT-MTL |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Before the Court is Magistrate Judge John Z. Boyle's Report and Recommendation ("R & R") (Doc. 12), recommending that Marco Antonio Aguilar-Medina's Petition for Writ of Habeas Corpus (the "Petition") be denied and dismissed with prejudice. Petitioner filed objections (Doc. 17), and Respondents replied to those objections (Doc. 18). For the following reasons, the Court overrules Petitioner's objections and adopts the R & R in its entirety.

## I.   LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In so doing, district courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Objections to the magistrate judge's findings and recommendations

must be "specific." Fed. R. Civ. P. 72(b)(2). If the petitioner raises a general objection, "the Court is relieved of any obligation to review it." *Martin v. Ryan*, No. 13-cv-00381, 2014 WL 5432133, at *2 (D. Ariz. Oct. 24, 2014).

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner Aguilar-Medina is incarcerated based on a state conviction. This Court must deny the Petition as to any claims that state courts have adjudicated on the merits unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law," or was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)–(2). An unreasonable application of law must be "objectively unreasonable, not merely wrong; even clear error will not suffice." *White v. Woodall*, 572 U.S. 415, 419 (2014) (internal quotation marks and citation omitted). Thus, a petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 419–20 (citation omitted). "When applying these standards, the federal court should review the 'last reasoned decision' by a state court . . . ." *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). Additionally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

## II.    BACKGROUND

Because the R & R recounts the factual and procedural history of this case in detail (Doc. 12 at 1–3), only a brief factual recitation is warranted. In July 2016, Petitioner drove while intoxicated with his three children in the car. He lost control of the vehicle and crashed, causing the death of one child and injuring the other two. Petitioner was indicted by a Coconino County grand jury on one count of manslaughter, two counts of aggravated assault, and two counts of aggravated driving under the influence ("DUI"). (Doc. 8-1 at 4–5.) He pleaded no contest to all counts of the indictment (Doc. 8-1 at 20) and was sentenced to presumptive consecutive and concurrent sentences totaling 25.5 years' imprisonment. (Doc. 8-1 at 26–30.)

On February 16, 2018, Petitioner filed a timely notice of post-conviction relief ("PCR"). (Doc. 8-1 at 56.) Several months later, Petitioner's counsel filed a notice stating that she had not identified any colorable claims that could be raised on his behalf under Arizona Criminal Procedure Rule 32. (Doc. 8-1 at 66.) Petitioner then filed a *pro per* PCR petition, on October 4, 2018. (Doc. 8-1 at 74–113.) The PCR court dismissed the PCR petition on its merits (Doc. 8-1 at 143), and Petitioner filed a petition for review in the Arizona Court of Appeals. (Doc. 8-1 at 146–61.) The Court of Appeals granted review but denied relief. (Doc. 8-2 at 98–104.)

On March 23, 2020, Petitioner filed a habeas petition in this Court. (Doc. 1.) The Petition raises four grounds for relief: (1) Petitioner is "actually innocent" and his plea to the manslaughter and aggravated assault counts was not supported by a sufficient factual basis; (2) Petitioner's due process rights were violated because the evidence that he used his pick-up truck as a deadly weapon was constitutionally insufficient to support the aggravated assault counts; (3) the aggravated DUI counts were "multiplicitous" charges that resulted in "double jeopardy"; and (4) both Petitioner's plea attorney and post-conviction counsel provided him ineffective assistance. Respondents filed a response to the Petition on June 16, 2020 (Doc. 8), and Petitioner filed his Reply on September 10, 2020 (Doc. 11). The Magistrate Judge subsequently issued the instant R & R. (Doc. 16.)

## III.   DISCUSSION

### A.   Factual Basis

Petitioner first objects to the R & R's conclusion that his no contest plea was supported by an adequate factual basis. (Doc. 12 at 3–4.) The Constitution requires only that a plea be knowing, intelligent, and voluntary. *Loftis v. Almager*, 704 F.3d 645, 647 (9th Cir. 2011). "Beyond these essentials, the Constitution 'does not impose strict requirements on the mechanics of plea proceedings.'" *Id.* at 648 (quoting *United States v. Escamilla-Rojas*, 640 F.3d 1055, 1062 (9th Cir. 2011)). Thus, while Federal Rule of Criminal Procedure 11 and analogous state rules impose certain additional safeguards, violations of those rules generally do not render a plea constitutionally infirm. *Id.* One such

safeguard is the requirement that a plea be supported by a factual basis. *See* Fed. R. Crim. P. 11(b)(3); *State v. McVay*, 131 Ariz. 369, 373 (1982) ("[Rules 17.3 and 26.2(c) of the Arizona Rules of Criminal Procedure] require that before a plea of guilty or no contest may be accepted, the court shall determine that there is a factual basis for the plea."). Because this safeguard is imposed by rule, and not by the Constitution, the factual basis for a plea ordinarily cannot be challenged on federal habeas review. *See Loftis*, 704 F.3d at 648 ("[T]he state trial court's failure to find a factual basis for [the petitioner's] no contest plea—unaccompanied by protestations of innocence—does not present a constitutional issue cognizable under 28 U.S.C. § 2254."); *see also* 28 U.S.C. § 2254 ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). When a plea is "accompanied by protestations of innocence," however, the Constitution may impose a duty on the state court to determine whether there is a factual basis for the plea. *Id.*; *cf. Rodriguez v. Ricketts*, 777 F.2d 527, 528 (9th Cir. 1985) ("[A] defendant's specific protestation of innocence . . . might impose on a state court the constitutional duty to make inquiry and to determine if there is a factual basis for the plea."); *Willett v. Georgia*, 608 F.2d 538, 540 (5th Cir. 1979) ("[W]hen a defendant pleads guilty while claiming his or her innocence, the court commits constitutional error in accepting the plea unless the plea is shown to have a factual basis").

Although a defendant pleading no contest generally "takes no position on whether he committed the elements of the offense," *United States v. Mancinas-Flores*, 588 F.3d 677, 682 (9th Cir. 2009), in this case Petitioner informed the trial court during sentencing that "I'm -- I know I'm not -- um, I'm not guilty." (Doc. 8-2 at 159.) Liberally construed, Petitioner's statement amounts to a protestation of innocence sufficient to trigger the constitutional requirement that his no contest plea be supported by a factual basis.

Petitioner's aggravated assault charges were based on his "[i]ntentionally, knowingly or recklessly causing any physical injury to another person" by using his vehicle

as "a deadly weapon or dangerous instrument." A.R.S. §§ 13-1203(A)(1), -1204(A)(2). The R & R concluded that his no contest plea on these counts was supported by an adequate factual basis. (Doc. 12 at 10.) Petitioner contests that conclusion. He asserts that his plea to the aggravated assault counts was not supported by a sufficient factual basis because there was not a "single piece of evidence . . . presented during the recitation of the factual basis that remotely suggest[s] that Petitioner used the pickup truck as a weapon to cause injury or death." (Doc. 17 at 4.)

In assessing whether a plea has a factual basis, a trial court "need not rely on the plea colloquy alone and may conclude that a factual basis exists from anything that appears on the record." *Mancinas-Flores*, 588 F.3d at 682 (9th Cir. 2009). For example, "[a]n inquiry might be made of the defendant, of the attorneys for the government and the defense, of the presentence report when one is available, or by whatever means is appropriate in a specific case." *Id.* (quoting Fed. R. Crim. P. 11 advisory committee's note to 1974 amendments). As the Arizona Court of Appeals recognized, ample record evidence supported Petitioner's no contest plea in this case:

> Here, the factual basis supporting Aguilar-Medina's guilt on charges of manslaughter and aggravated assault was presented through a police report and statements by defense counsel. Aguilar-Medina argues the facts contained therein were insufficient to show he had the requisite intent to cause his daughter's death or to use his vehicle as a deadly or dangerous instrument in light of evidence that a tire rupture may have precipitated the accident. Both claims lack merit.
>
> . . . .
>
> Here, the facts presented established "strong evidence" that Aguilar-Medina recklessly caused his daughter's death. Officers found open containers of alcohol at the scene of the accident and smelled intoxicants on Aguilar-Medina. His blood alcohol concentration was 0.066 approximately five and one-half hours after the accident and could reasonably be extrapolated to have exceeded 0.08 at the time of the crash. The facts show Aguilar-Medina was intoxicated at the time of the accident and support an inference that his intoxication caused him to lose control of the vehicle or prevented him from regaining control of the vehicle in the event of a tire rupture.
>
> The facts presented also support Aguilar-Medina's conviction of aggravated assault, which, when physical injury

is caused to another person by way of a vehicle, can be committed "[i]ntentionally, knowingly or recklessly." *See* A.R.S. §§ 13-1204(A)(2), -1203(A)(1).

(Doc. 8-2 at 100–01.)

Both the police report introduced at Petitioner's change-of-plea hearing and defense counsel's statement of facts given at that same hearing established that Petitioner's blood alcohol concentration was above 0.08 at the time of the accident. (*See* Doc. 8-2 at 139–40 (Petitioner's counsel stating, at Petitioner's change-of-plea hearing, that Petitioner was driving a vehicle with a blood alcohol concentration that "could be reasonably extrapolated to an amount above .08 within two hours of the collision," when he "lost control of his vehicle" and "swerved across a traffic lane and flipped into the median").) Petitioner's impairment, coupled with his driving the truck at the time of the accident, provided an adequate factual basis for the dangerous-instrument element. *Cf. State v. Orduno*, 159 Ariz. 564, 566 (1989) ("A motor vehicle in the hands of a drunk is, by definition, a dangerous instrument."). Petitioner's first objection is overruled.

**B.    Double Jeopardy**

Petitioner also objects to the R & R on the ground that his double jeopardy claim "is meritorious" and was improperly rejected. (Doc. 17 at 6.) Specifically, he contends the two aggravated DUI counts were multiplicitous, and that his sentences for those counts violated the Constitution's protection against double jeopardy, because both counts "are statutorily the same offense based on the same conduct committed on the same occasion arising from the same fact." (*Id.*) That is, he argues the two counts were multiplicitous because the same factual basis—Petitioner's blood alcohol concentration—was used to support sentences for both counts. (*See* Doc. 12 at 12.) As the R & R observes, however, the counts did *not* both arise from the fact of Petitioner's blood alcohol concentration. (*Id.* at 12–13.) Rather, Petitioner was charged with aggravated DUI on Count 4 for being "impaired to the slightest degree" and on Count 5 for having "an alcohol concentration of 0.08 or more within two hours of driving." (Doc. 8-1 at 5.) Each count required proof of a fact the other did not. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932)

("[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."); *United States v. Dixon*, 509 U.S. 688, 696 (1993) (*Blockburger* asks "whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution"). Count 4 required the State to prove Petitioner was actually impaired. Count 5 did not. *See* A.R.S. §§ 28-1381(A). And Count 5 required the State to prove Petitioner had a blood alcohol concentration of .08 or more, while Count 4 did not. *See id.* As the Arizona Court of Appeals succinctly explained: "While Aguilar-Medina's blood alcohol concentration supports his conviction under A.R.S. § 28-1381(A)(2) ('alcohol concentration of 0.08 or more'), other evidence— e.g., the open alcohol containers and smell of intoxicants on Aguilar-Medina combined with the accident—supports his conviction under A.R.S. § 28-1381(A)(1) ('impaired to the slightest degree')." (Doc. 8-2 at 102.) Because each aggravated DUI count required proof of a unique element, Petitioner's sentences on Counts 4 and 5 were permissible under *Blockburger* and its progeny, and his objection is overruled.

### C.    Ineffective Assistance of Counsel

Third, Petitioner challenges the R & R's conclusion that his ineffective assistance of counsel claims are meritless. (Doc. 17 at 8.) To succeed on his ineffective assistance of counsel claim under the Sixth Amendment, Petitioner must show both that his counsel's performance was deficient and that the deficiency caused him prejudice. *See Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To establish deficient performance, Petitioner must prove that his representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In so doing, Petitioner must overcome a "strong presumption that the representation was professionally reasonable." *Id.* at 689. To establish prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Because Petitioner alleges

1  ineffective assistance in the context of a plea agreement, he must demonstrate "a

2  reasonable probability that, but for counsel's errors, he would not have pleaded [no contest]

3  and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).

4       On federal habeas review, a state court ruling on a *Strickland* claim is effectively

5  entitled to "double deference," because the petitioner must show (1) that his counsel's

6  performance fell outside "the wide range of reasonable professional assistance," *Knowles*

7  *v. Mirzayance*, 556 U.S. 111 (2009), and (2) that "the state court applied *Strickland* to the

8  facts of his case in an objectively unreasonable manner," *Woodford v. Visciotti*, 537 U.S.

9  19, 25 (2002).

10            **1.    Trial Counsel**

11       Petitioner argues that his trial counsel was ineffective for (1) failing to investigate

12  whether the accident was caused by a ruptured tire, rather than Petitioner's intoxication,

13  and (2) failing to inform Petitioner that the prosecution had the burden of proving the

14  dangerous-instrument element on the aggravated assault counts beyond a reasonable doubt.

15  (Doc. 17 at 7–8.) Petitioner's assertions are inconsistent with the record.

16       The Arizona Court of Appeals found that, several months before Petitioner entered

17  a change of plea, he and his trial counsel discussed how evidence of a tire rupture might

18  provide him a defense. (Doc. 8-2 at 103.) The Court of Appeals also observed that, in his

19  sentencing memorandum, Petitioner stated that he "agree[d] to give up certain non-

20  frivolous defenses," including evidence of a tire blowout, in entering his no contest plea.

21  (*Id.*) Petitioner has offered no evidence to contradict the Court of Appeals' findings. *See*

22  28 U.S.C. § 2254 (e)(1) ("[A] determination of a factual issue made by a State court shall

23  be presumed to be correct.   The applicant shall have the burden of rebutting the

24  presumption of correctness by clear and convincing evidence."). His claim that counsel

25  failed to adequately investigate the tire rupture is therefore without merit.[1]

26  _____

[1] At Petitioner's change of plea hearing, his counsel discussed why the potential tire
27  blowout defense was unlikely to be availing: "Two witnesses initially described a tire
blowout contemporaneous with the lost control of the vehicle. One of these witnesses later
28  clarified stating that she based her initial statement on her daughter's statement and did not
herself see a tire failure. Department of Public Safety investigation revealed tire marks on
the pavement inconsistent with a failed tire and consistent with the truck overcorrecting

Petitioner's claim that trial counsel failed to inform him of the prosecution's burden of proof is similarly unavailing. Because Petitioner asserted this claim for the first time in his Petition for Review to the Arizona Court of Appeals (Doc. 8-1 at 157), the Court of Appeals declined to address it (Doc. 8-2 at 103) and the Magistrate Judge, in the R & R, determined that it was procedurally defaulted. (Doc. 12 at 18.) Petitioner objects to the Magistrate Judge's procedural default determination on the ground that "Petitioner can provide further facts to support his claims in federal district court, so long as those facts do not fundamentally alter the legal claim already considered by the state court." (Doc. 17 at 8 (citing *Lopez v. Schriro*, 491 F.3d 1029, 1040 (9th Cir. 2007)).) Although that may be true, "a petitioner must present to the state courts the '*substantial equivalent*' of the claim presented in federal court" in order to fulfill the exhaustion requirement. *Lopez*, 491 F.3d at 1040 (emphasis added) (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971)). Petitioner did not do so. He presented no argument to the Superior Court substantially equivalent to the one he now raises—that his trial counsel failed to adequately inform him of the prosecution's burden of proof. Thus, his claim is unexhausted and was procedurally defaulted without excuse. *See Coleman v. Thompson*, 501 U.S. 722, 749–50 (1991).

Even if Petitioner's claim was not procedurally defaulted, the Court would overrule his objection on the merits, because (1) trial counsel stated at the change of plea hearing that he and Petitioner had gone over the indictment "in great depth" and "on multiple occasions," and (2) Petitioner stated at the same hearing that trial counsel had informed him of the nature and elements of each charged offense and that he read and understood the indictment. (Doc. 8-2 at 123–24, 147.) Petitioner's claim that he was uninformed as to the prosecution's burden on the aggravated assault counts contrasts sharply with the evidence of record. Petitioner's claim of ineffective assistance of trial counsel fails.

### 2. PCR Counsel

Finally, Petitioner apparently objects to the R & R's conclusion that his PCR counsel was not constitutionally ineffective. (Doc. 17 at 8.) While he does not detail

---

drift outside of the lane of traffic." (Doc. 8-2 at 140.)

specific objections to the R & R's conclusion, he re-asserts his claim that PCR counsel acted unreasonably by "fail[ing] to raise a claim of ineffective assistance of defense counsel and the other claims raised in this habeas petition." (*Id.*) The Court need not address this generalized objection, *see* Fed. R. Civ. P. 72(b)(2) (requiring "*specific* written objections" to the magistrate judge's findings and recommendations) (emphasis added), but nevertheless concludes that Petitioner's claim fails on the merits because, as the R & R explains, counsel cannot be constitutionally deficient for failing to raise non-meritorious claims. *See Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012) ("PCR counsel would not be ineffective for failure to raise an ineffective assistance of counsel claim with respect to trial counsel who was not constitutionally ineffective."). Petitioner's claim of ineffective assistance of PCR counsel fails and his objection is overruled.

### D.     Certificate of Appealability

Before Petitioner can appeal this Court's judgment, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). Because this Court rendered the judgment denying the Petition, the Court must either issue a certificate of appealability or state why a certificate should not issue. *See id.* A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is made when the resolution of an issue of appeal is debatable among reasonable jurists, if courts could resolve the issues differently, or if the issue deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Upon review of the record in light of the standards for granting a certificate of appealability, the Court finds that a certificate shall not issue either because dismissal of the Petition is justified by a "plain procedural bar," *id.* at 484, or because "jurists of reason" would not find the Court's assessment of the constitutional claims "debatable or incorrect," *id.* at 485.

### IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Magistrate Judge John Z. Boyle's Report and Recommendation (Doc. 12) is adopted.

**IT IS FURTHER ORDERED** that Marco Antonio Aguilar-Medina's 28 U.S.C. § 2254 Petition (Doc. 1) is **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability because, for reasons explained above, Petitioner has not made a substantial showing of the denial of a constitutional right, a point on which reasonable jurists could not disagree.  28 U.S.C. § 2253(c)(2).

**IT IS FINALLY ORDERED** directing the Clerk of the Court to enter judgment terminating the case.

Dated this 25th day of February, 2022.

Michael T. Liburdi
United States District Judge